UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KEITH WAYNE ROBERTSON**              **DOCKET NO. 24-cv-00239**
**D.O.C. # 514621**                          **SECTION P**

**VERSUS**                                    **JUDGE JAMES D. CAIN, JR.**

**JEAN ANN EAST, ET AL**                     **MAGISTRATE JUDGE LEBLANC**

**MEMORANDUM ORDER**

Pending before this Court are plaintiff's Letter/Motion re Efforts to Obtain Accounts Officer Page (doc. 4) and Motion to Appoint Counsel (doc. 5).

1. Doc. 4 - Letter/Motion re Efforts to Obtain Accounts Officer Page

On March 25, 2024, plaintiff asked this Court to order the Tensas Parish Detention Center Warden to provide his bank statements in order to properly file his request to proceed in forma pauperis. Subsequently, plaintiff filed a properly executed Motion for Leave to Proceed in forma pauperis (doc. 7) which was granted by the Court (doc. 8). Accordingly, plaintiff's Letter/Motion re Efforts to Obtain Accounts Officer Page is MOOT.

2. Doc. 5 – Motion to Appoint Counsel

On April 3, 2024, plaintiff filed a Motion to Appoint Counsel. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard*

*v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Further, plaintiff has not shown himself to be unable to represent his own legal interests. See *Lozano v. Schubert,* 41 F.4th 485, 492-493 (5th Cir. 2022); *Brown v. Tarrant County, Texas*, 985 F.3d 489, 499 (5th Cir. 2021). Accordingly, plaintiff's request for appointment of counsel is DENIED, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

Accordingly,

**IT IS ORDERED** that docs. 4 and 5 are **DENIED**.

THUS DONE AND SIGNED in Chambers this 1st day of June, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE