UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KEITH ROBERTSON** | **DOCKET NO. 24-CV-00239 SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JEAN ANN EAST, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Keith Robertson, who is proceeding *pro se* and *in forma pauperis* in this matter. Robertson is incarcerated at the Tensas Parish Detention Center in Waterproof, Louisiana.

**I.**
**BACKGROUND**

Plaintiff complains that he is being "unlawfully detained." Doc. 1, p. 4. He alleges that he was denied a timely arraignment as well as a speedy trial. *Id*. He asks this Court for fairness and monetary relief. *Id*. at p. 7.

**II.**
**LAW AND ANALYSIS**

*A. Frivolity Review*

Robertson has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be

granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Application

Robertson's attempt to recover monetary damages to compensate him for illegal detainment are barred by *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 114 S.Ct. at 2372 (footnote omitted); *see also Robinson v. Wicker*, 2016 U.S. Dist. LEXIS 116487, 2016 WL 4570538, at *3-4 (N.D. Miss. July 29, 2016) (finding challenge to length of pre-trial detention barred by *Heck* because any finding of a speedy trial violation would require dismissal of the indictment)(citing *Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009), R & R adopted, 2016 U.S. Dist. LEXIS 116484, 2016 WL 457073 (N.D. Miss. Aug. 30, 2016)); *Conlan v. King*, 682 F. App'x 345, 345-46 (5th Cir. 2017)(claims of false arrest, forced self-incrimination, and illegal seizure of evidence barred by *Heck*); *Legate v. Garcia*, 582 F. App'x 287, 288 (5th Cir. 2014)("[A]ny claim that Legate was wrongly convicted based on due[-]process violations at trial would necessarily imply that his conviction is invalid")(citations omitted)).

Robertson has not met the precondition defined by *Heck* and his complaint must be dismissed with prejudice as frivolous until such time that he can demonstrate that his conviction has been invalidated. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir.1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.")

### III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions be **DISMISSED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 26th day of July, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE